NATIONAL SILK SPINNING Co., INC. *v.* UNITED STATES (No. 4287)

United States Court of Customs and Patent Appeals, April 1, 1940

*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Frank E. Carstarphen*, special attorney, of counsel), for the United States.

[Oral argument February 9, 1940, by Mr. John D. Rode and Mr. Carstarphen]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, one judge dissenting, denying a "Petition for Remission of Additional Duties," imposed by the collector of customs at the port of Boston, Mass., filed under the provisions of section 489 of the Tariff Act of 1930, the pertinent part of which reads as follows:

SEC. 489 ADDITIONAL DUTIES.

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in

---

[1] C. A. D. 119.

any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. Such additional duty shall apply only to the particular article or articles in each invoice that are so advanced in value upon final appraisement and shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, and shall be limited to 75 per centum of the final appraised value of such article or articles. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The merchandise consists of rayon staple fiber imported from Japan. The goods were entered by the World Freight Co., Inc., for appellant, the ultimate consignee, at the port of New Bedford, Mass., at the invoice price of $16.75 per hundred pounds less nondutiable charges, and was appraised as entered by the appraiser at New Bedford. The said collector, whose district includes the port of entry, filed an appeal for reappraisement under the provisions of section 501 of the said act, and pursuant to a judgment of the single judge sitting in reappraisement the merchandise was appraised at an advance of 8 per centum over the entered value (*United States* v. *World Freight Co., Inc.*, Reap. Dec. 4356, 1 Cust. Ct. 559). From this judgment no appeal was taken, and the collector assessed additional duty upon the merchandise, pursuant to the provisions of section 489, *supra*, for the reason that the final appraised value thereof was in excess of the entered value.

The record shows that the goods were purchased by E. Gerli & Co., a corporation which imports raw silk, and transferred to appellant, a wholly owned subsidiary of E. Gerli & Co.

It appears that the merchandise was cut 3 inches wide and was suitable for use only by appellant. Other silk mills were not handling it, and appellant considered itself to be a pioneer in its use. This importation is the only one of its kind imported by appellant. Upon importation the goods were entered, by direction of an officer of the appellant, at the purchase price.

In view of the fact that the importation was the first of its kind made by appellant, which was the only silk mill operator that tried to use it, appellant certainly could not, by reason of its own experience, have possessed knowledge of the true value of the merchandise. The

record does not disclose that anyone representing appellant at any time made any effort to ascertain whether the entered value was equal to the proper dutiable value; it is utterly barren of proof of anything even approaching satisfactory evidence in support of the petition, and reflects nothing but indifference as to the proper value of the merchandise. It therefore does not meet the requirements of satisfactory proof under the statute. Under the circumstances there was a duty upon the appellant to seek information as to the correctness of its representations as to the value of its merchandise. This duty was not performed.

We do not deem it necessary to prolong this opinion further, for the reason that similar situations have been before this court many times, and in a long line of decisions the rules have been laid down as to the evidence requisite to support a petition such as is involved here. In the case of *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, this court discussed many cases analagous to the instant case and stated:

It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

On the record before us we must hold that appellant failed to support its petition by satisfactory evidence.

The judgment appealed from is *affirmed.*